**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TOSHIBA AMERICA MEDICAL SYSTEMS, INC., | : | CIVIL ACTION NO. 3:14-1419 |
| | : | |
| Plaintiff | : | (JUDGE MANNION) |
| v. | : | |
| VALLEY OPEN MRI and DIAGNOSTIC CENTER, INC., et al., | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

Pending before the court is the motion for summary judgment of plaintiff. (Doc. 25). Based upon the court's review of the motion and undisputed facts of record, plaintiff's motion for summary judgment will be **GRANTED** with respect to Counts I and II of the amended complaint, breach of contract claims pertaining to defendants' failure to pay for leased medical equipment. Plaintiff's motion will be **DENIED AS MOOT** with respect to Count III, replevin, since plaintiff has already taken possession of the MRI machine.


## I.     Procedural Background

Plaintiff, Toshiba America Medical Systems, Inc. ("Toshiba"), initiated this action by filing a complaint on July 23, 2014, against defendants Valley Open MRI and Diagnostic Center, Inc., Juan D. Gaia, M.D., and I & G Realty Company. (Doc. 1). On July 24, 2014, an order was issued dismissing this

case without prejudice, pursuant to Fed.R.Civ.P. 12(h)(3), for failure of plaintiff to show complete diversity sufficient to invoke subject matter jurisdiction of this court. (Doc. 3). On August 6, 2014, Toshiba filed a motion for leave to file an amended complaint, (Doc. 4), which was granted, (Doc. 5). Toshiba then filed an amended complaint on August 21, 2014, against the three stated defendants and alleged complete diversity of the parties under 28 U.S.C. §1332(a)(1). (Doc. 6).

In its amended complaint, Toshiba asserts three counts: Count I - Breach of Contract against defendant Valley Open MRI; Count II - Breach of Contract against defendants Gaia and I & G Realty Company; and Count III - Replevin against all defendants. With respect to the first breach of contract claim, Toshiba alleges that it executed a Master Lease Agreement with defendant Valley Open MRI, whereby it provided Valley Open MRI with an MRI machine and equipment for a period of 60 months at a monthly cost of $18,109.28, and that Valley Open MRI breached the Agreement when it stopped making payments. As a result, Toshiba alleges that it suffered damages from Valley Open MRI's breach in the total amount of $1,289,413.72. Count II of the amended complaint alleges breach of contract against defendants Gaia and I & G Realty for failing to honor their guarantees of Valley Open MRI's obligations under the Lease Agreement. Also, Toshiba alleges that both the Gaia Guaranty and the I & G Realty Guaranty were executed before the Lease Agreement and that their guarantees induced it to

2

enter into the Agreement. Toshiba alleges that it has demanded that Gaia and/or I & G Realty cover Valley Open MRI's payment obligations pursuant to their guarantees, but these defendants refused to make any payments. Consequently, Toshiba alleges that it suffered the above stated damages due to the failure of defendants Gaia and I & G Realty to make the lease payments owed by Valley Open MRI as required by their guarantees. In Count III, replevin, Toshiba seeks to repossess the MRI machine and to recover damages it suffered due to defendants' alleged unlawful detention of it.

On August 22, 2014, Toshiba filed a motion for temporary restraining order ("TRO") and ex parte order of seizure. (Docs. 7, 8). On September 10, 2014, the court entered an order denying seizure pending a hearing on September 19, but granting the TRO to the extent that defendants were required to maintain and protect plaintiff's equipment. (Doc. 9). The day prior to the hearing, the parties reached an agreement regarding seizure of the equipment and they filed a stipulation on September 19, 2014, allowing Toshiba to enter defendants' premises and repossess its equipment, namely, a Toshiba Open MRI System, as well as software and accessories. (Doc. 13). Defendants then filed their answer to Toshiba's amended complaint on November 5, 2014. (Doc. 19).

On December 30, 2014, the parties filed a joint case management plan and, many facts and legal issues were undisputed. (Doc. 21). On September 18, 2015, Toshiba filed a motion for summary judgment with respect to all

three counts in its amended pleading, (Doc. 25), with attached exhibits, (Doc. 25-4), a statement of undisputed material facts, (Doc. 26), and its brief in support of its motion, (Doc. 27). On October 19, 2015, defendants untimely filed their brief in opposition to Toshiba's motion arguing only that Toshiba was not entitled to the damages and attorney's fees it requested and that the replevin claim was moot.[1] (Doc. 30). Notably, defendants did not file a response to Toshiba's statement of undisputed material facts or any exhibits. Toshiba filed a reply brief on November 2, 2015, indicating that defendants do not dispute liability and that it is entitled to summary judgment on its claims as a matter of law. (Doc. 33). Toshiba also argues that a hearing on damages and attorneys' fees is not required since its uncontested evidence demonstrates the amounts it seeks. Thus, Toshiba's motion for summary judgment is ripe for disposition.

On November 3, 2015, defendants filed a request for oral argument solely with respect to the amount of damages Toshiba requested in its motion. (Doc. 34). Defendants' request does not seek oral argument regarding liability and defendants have not opposed Toshiba's evidence demonstrating that they breached the Lease Agreement and failed to honor their guarantees. The

---

[1]Even though defendants' brief was not timely filed, the court will consider it since there is no prejudice to Toshiba. However, insofar as defendants disagree with some of Toshiba's facts supported by the evidence and state facts without citation to the record, their brief will not be considered.

court finds that the undisputed material facts show that Toshiba is entitled to summary judgment on its breach of contract claims as a matter of law. Defendants' request for oral argument, which is essentially a request for a hearing on damages, does not effect the court's entry of judgment for Toshiba on Counts I and II of its amended complaint. The only remaining issues are the amounts of Toshiba's damages and attorneys' fees and whether defendants shall have a hearing on these matters.

## II.   Material Facts[2]

Since Toshiba has properly filed its statement of material facts in support of its motion for summary judgment, (Doc. 26), and its facts are properly supported by citation to the record, and since defendants have not responded to them, the court will deem as admitted Toshiba's facts contained in its statement. *See* Carpenter v. Kloptoski, 2012 WL 911558, *1 (M.D. Pa. March 16, 2012) ("Because Plaintiff has failed to file a separate statement of material facts controverting the statement filed by Defendant, all material facts set forth in Defendant's statement [] will be deemed admitted.").[3]

---

[2]All of the facts are taken from the plaintiff's unopposed statement of material facts, (Doc. 26), and its exhibits, (Doc. 25-4). None of the facts were properly disputed by defendants with citation to evidence of record.

[3]In the case of *Barthalow v. David H. Martin Excavating, Inc.*, 2007 WL 2207897, * 1 n. 5, (M.D.Pa. 2007), the court noted:

The Middle District of Pennsylvania's Local Rule of Court 56.1

Based on Toshiba's undisputed statement of material facts and exhibits, the court finds the following material facts. Gaia is the sole owner and president of Valley Open MRI and I & G Realty. On December 16, 2010, Toshiba, through its equipment financing program Toshiba America Medical Credit ("TAMC"), entered into a Master Lease Agreement ("Lease Agreement") with Valley Open MRI. Pursuant to the Lease Agreement, Toshiba provided Valley Open MRI with a Toshiba Vantage Titan Open MRI System, including software, attachments, and accessories (the "Equipment") for a period of 60 months at a monthly cost of $18,109.28. Gaia signed and executed the Lease Agreement on March 6, 2011, and he had authority to sign the document. Gaia also read the Lease Agreement and understood that Valley Open MRI's failure to make monthly payments would result in default and that Toshiba had the right to seek remedies under the lease in the event

provides that a summary judgment motion must include a separate concise statement of material facts. M.D.Pa. Local R. 56.1. The rule also requires that an opposition to a summary judgment motion must similarly include a statement that "responds to the numbered paragraphs set forth in [the moving party's concise statement of material facts], as to which it is contended that there exists a genuine issue to be tried." *Id.* Moreover, "[a]ll material facts set forth in [the moving party's statement] will be deemed to be admitted unless controverted by the [opposing party's statement]." *Id.*

*See also* Rossi v. Progressive Ins., 813 F. Supp. 2d 643 (M.D.Pa. 2011).

of default. The Lease Agreement became effective on March 31, 2011, when Toshiba signed it.

On February 18, 2011, Gaia executed a personal guaranty ("Gaia Guaranty"), dated December 29, 2010, guaranteeing the full and timely payment and satisfaction of Valley Open MRI's obligations to Toshiba under the Lease Agreement. The guaranty made Gaia personally liable for Valley Open MRI's failure to make payments under the Lease Agreement. Also, on February 18, 2011, Gaia, on behalf of I & G Realty, executed a blanket guaranty ("I & G Realty Guaranty"), guaranteeing the full and timely payment and satisfaction of Valley Open MRI's obligations under the Lease Agreement. As such, I & G Realty became liable for Valley Open MRI's failure to make payments under the Lease Agreement. Gaia knew that Toshiba would not have leased the Equipment to Valley Open MRI without his guaranty and without the I & G Realty Guaranty.

Valley Open MRI defaulted on its payments due and owing under the Lease Agreement. Paragraph 13 of the Lease Agreement contains an Event of Default if Valley Open MRI failed to make any lease payment as it became due and if such failure was not cured within ten days. Gaia admitted that Valley Open MRI made "no more than two years" of payments under the Lease Agreement, even though it required 60 months of payments, and that Valley Open MRI stopped making payments "[b]ecause there was not enough income coming in."

7

Trish Malone, Director of Financial Programs at Toshiba, avers in her Declaration that Valley Open MRI owed $756,876.96 under the Lease at the time of default. (Doc. 25-4, at 47-48). Also, there were no written or oral modifications to the Lease Agreement and Valley Open MRI still owes Toshiba the remaining payments due under the lease. Toshiba has made multiple demands to Valley Open MRI for payment and notified Valley Open MRI that it was in default of the Lease Agreement. Under the terms of the Lease Agreement, Valley Open MRI owes Toshiba the entire unpaid balance, plus interest, late charges, as well as attorneys' fees and costs. In her Declaration, Malone details the specific amounts due under the Lease Agreement, including interest, late charges, costs, and attorneys' fees through September 11, 2015. She then avers that the total amount Valley Open MRI owes Toshiba is $1,289,413.72. Defendants did not submit any evidence to dispute any of the damages Malone avers are owed to Toshiba.

The Lease Agreement provides that all remedies are cumulative and Valley Open MRI's obligation to pay is absolute, unconditional, and not subject to any abatement or set-off. To date, Valley Open MRI has not cured its default under the Lease Agreement. Consequently, Toshiba demanded that Gaia and I & G Realty cover Valley Open MRI's payment obligations pursuant to their guarantees, and both of these defendants refused to make any payments.

Additionally, as mentioned, Toshiba has repossessed its equipment

8

from Valley Open MRI, including its MRI machine, software and accessories.

## III.   Summary Judgment Standard

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Aetna Casualty & Sur. Co. v. Ericksen, 903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249 ; see also Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007).

Moreover, the Third Circuit indicated that "although the party opposing

summary judgment is entitled to 'the benefit of all factual inferences in the court's consideration of a motion for summary judgment, the nonmoving party must point to some evidence in the record that creates a genuine issue of material fact,' and 'cannot rest solely on assertions made in the pleadings, legal memorandum or oral argument.'" Goode v. Nash, 241 Fed. Appx. 868 (3d Cir. 2007) (citation omitted). A material factual dispute is one that may affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. at 248.

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003); see also Celotex, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. Boyle v. County of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear

10

the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." Celotex Corp., 477 U.S. at 322-23; Jakimas v. Hoffman La Roche, Inc., 485 F.3d 770, 777 (3d Cir. 2007); Watson v. Eastman Kodak Co., 235 F.3d 851, 858 (3d Cir. 2000) (the non-movant must establish the existence of each element on which it bears the burden of proof).

## IV.    Discussion

It is undisputed that Valley Open MRI has defaulted on its obligations under the Lease Agreement and, that defendants Gaia and I & G Realty have failed to honor their guarantees. It is undisputed that the default has not been cured by defendants despite repeated demands from Toshiba for the payments due and owing under the Lease Agreement. As such, Toshiba is entitled to summary judgment against defendants on its breach of contract claims regarding the Lease Agreement in Counts I and II as a matter of law. However, Toshiba is not entitled to summary judgment against defendants on its replevin claim, Count III, since it has repossessed the Equipment.

### *A. Counts I and II, Breach of Contract*

Toshiba alleges that Valley Open MRI defaulted on the terms of the Lease Agreement since Gaia admitted that it made only two years of

11

payments despite the fact that 60 months of payments were due, and that Valley Open MRI stopped making any further payments. It is also alleged that Gaia and I & G Realty failed to cover Valley Open MRI's payment obligations pursuant to their guarantees.

Because this is a case based upon diversity jurisdiction, 28 U.S.C. §1332, the court applies Pennsylvania law. *See* Moore v. Kulicke & Soffa Industries, Inc., 318 F.3d 561, 563 (3d Cir. 2003). In order to establish a breach of contract claim under Pennsylvania law, plaintiff must demonstrate: "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." CoreStates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa.Super. 1999) (citation omitted); Gorski v. Smith, 812 A.2d 683, 692 (Pa.Super. 2002).

There is no dispute that Toshiba has established each of the elements of its breach of contract claims against defendants. Specifically, the undisputed evidence detailed above shows that Valley Open MRI beached the Lease Agreement and, that Gaia and I & G Realty did not meet their obligations under their unconditional guarantees of Valley Open MRI's contractual promise to make 60 monthly payments. However, defendants maintain that genuine issues of material fact exist as to whether Toshiba has demonstrated it is entitled to all of the damages it seeks resulting from the breach of the Lease Agreement. Defendants are only disputing the amount and extent of damages they owe, and they claim that Toshiba failed to

mitigate its damages.

Under Pennsylvania law, there is a duty to mitigate damages. See Koppers Co. v. Aetna Casualty & Surety Co., 98 F.3d 1440, 1448 (3d Cir. 1996). However, with regard to mitigation, Toshiba is correct that the Third Circuit has held "[t]he duty to mitigate damages is not applicable where the party whose duty it is primarily to perform a contract has equal opportunity for performance and equal knowledge of the consequences of nonperformance." (Doc. 33, at 5) (citing S.J. Groves & Sons Co. v. Warner Co., 576 F.2d 524, 530 (3d Cir. 1978)). See Merrill Lynch, Inc. v. Millar, 274 F.Supp.2d 701, 709 (W.D.Pa. 2003) ("an injured party is not obligated to mitigate damages when both parties have an equal opportunity to do so.") (citations omitted). The undisputed facts reveal that Toshiba complied with its duty under the Lease Agreement to provide Valley Open MRI with the Equipment and, that it was primarily defendants' obligation to perform their duties under the Agreement and the guarantees by making the monthly payments to Toshiba. As discussed, defendants failed to comply with their contractual duties and when demand to perform was made by Toshiba, they refused to do so. As such, defendants had equal opportunity for performance by making the monthly payments and full knowledge of the consequences of their failure to perform.

"Clear contractual terms that are capable of one reasonable interpretation must be given effect without reference to matters outside the contract." American Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 587

(3d Cir. 2009) (quoting Krizovensky v. Krizovensky, 425 Pa.Super. 204, 624 A.2d 638, 642 (1993)). Based upon the clear and unambiguous terms of the Lease Agreement, Toshiba has sufficiently established that damages have resulted due to defendants' breach, that neither Valley Open MRI nor Gaia have made any payments since the default, and that the total amount of damages to which it is entitled under the Agreement is $1,289,413.72. The explicit terms of the Lease Agreement provide that defendants are obliged to pay the full amount of the unpaid balance due under the Agreement of $756,876.96 at the time of default and all outstanding interest, as well as related costs and attorneys' fees. The court finds that Toshiba has produced ample evidence from which all damages may be calculated to a reasonable certainty as required under Pennsylvania law. (Doc. 25-4, at 47-48). Defendants have failed to produce any evidence to dispute the amount of damages to which Malone has attested are owed to Toshiba. Malone, as a financial Director of Toshiba, has personal knowledge with regard to the business records of Toshiba and her factual averments in her Declaration regarding all of the damages due under the Lease Agreement, along with the exhibits, are competent evidence that can be relied upon in deciding the instant motion. See Fed.R.Civ.P. 56(c)(4); see also Fed.R.Evid. 803(6). Thus, Toshiba is entitled to recover its damages specified in Malone's Declaration for defendants' breach of the Lease Agreement.

Further, the Lease Agreement provides that Valley Open MRI's

obligation to pay is absolute, unconditional, and not subject to any abatement or set-off. This is known as a "hell or high water" provision, i.e., a clause that contains an unconditional promise by the lessee to pay rent. Such a provision is "strictly enforceable as a matter of law," and, for purposes of summary judgment, there is no disputed fact since the lessee is unequivocally obligated to pay. Phila. Sav. Fund Soc'y v. Deseret Mgmt. Corp., 632 F.Supp. 129,136 (E.D.Pa.1985). Also, the Lease Agreement provides that all remedies are cumulative. Therefore, defendants' request for an "offset" is not allowed under the clear terms of the Lease Agreement.

Based on the undisputed terms of the Lease Agreement and the uncontested Declaration of Malone, defendants do not raise any viable defense to their unconditional obligations to pay what is due and owing Toshiba, and to the amount of damages Toshiba has proven are owed to it. The court finds that there is no need to grant defendants' request for oral argument regarding the amount of damages requested by Toshiba. (Doc. 34). Thus, Toshiba's motion for summary judgment is **GRANTED** with respect to its breach of contract claims against all defendants, Counts I and II. Judgment will be entered in favor of Toshiba and against defendants in the amount of $1,289,413.72.

### B. Count III, Replevin

Toshiba also raises a claim against defendants for replevin. "Replevin is an action at law to recover the possession of personal property and to

15

recover damages incurred as a result of the defendant's illegal detention of plaintiff's property." Fenton v. Balick, 821 F.Supp.2d 755, 759 (E.D.Pa. 2011) (citation omitted). "To prevail in a replevin action, 'the plaintiff must show not only title, but also the exclusive right of immediate possession of the property in question.'" Id. (quoting Ford Motor Credit Co. v. Caiazzo, 387 Pa.Super. 561, 564 A.2d 931, 933 (1989)). Thus, "[r]eplevin is a cause of action to secure possession of property and to recover damages for its detention by the illegal act of the Defendant." Breiner v. Litwhiler, 245 F.Supp.2d 614, 630 (M.D.Pa. 2003) (citation omitted). An action for replevin can be based on a number of legal theories, including a breach of contract as in the present case. Aircraft Repair Services v. Stambaugh's Air Service, Inc., 175 F.3d 314, 319 (3d Cir. 1999) (citations omitted). The primary relief sought in a replevin action, is the return of the property. Id. "The focus in a replevin action[] is strictly limited to title and right of possession." Ford Motor Credit Co. v. Caiazzo, 387 Pa.Super. 561, 564 A.2d 931, 933 (1989).

There is no dispute that Toshiba has repossessed all of the Equipment subject to the Lease Agreement. As such, Toshiba's summary judgment motion on Count III, replevin is **DENIED AS MOOT**.

## V.    Conclusion

Toshiba's motion for summary judgment, (Doc. 25), will be **GRANTED** with respect to the breach of contract claims, Counts I and II of the amended

complaint, (Doc. 6). Toshiba's motion for summary judgment will be **DENIED AS MOOT** with respect to the replevin claim, Count III. Defendants' request for oral argument, (Doc. 34), will be **DENIED** as unnecessary. An appropriate order will be issued.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: November 20, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1419-01.wpd

17