**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TOSHIBA AMERICA MEDICAL SYSTEMS INC.,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:14-1419** |
| | : | |
| **v.** | : | **(JUDGE MANNION)** |
| **VALLEY OPEN MRI and , DIAGNOSTIC CENTER, INC., et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Pending before the court is the plaintiff's request for attorneys' fees and costs after its motion for summary judgment, (Doc. 25), was granted and judgment was entered in plaintiff's favor with respect to Counts I and II of its amended complaint, breach of contract claims pertaining to defendants' failure to pay for leased medical equipment, including an MRI machine. Since Toshiba has not demonstrated its entitlement to all of its claimed attorneys' fees and costs, and since the court has conducted a calculation of the lodestar after determining reasonable rates and hours, its request will be granted in part and denied in part.

## I.    BACKGROUND

On November 20, 2015, the court issued Order, (Doc. 36), based on the reasons set forth in an accompanying Memorandum, (Doc. 35), which directed as follows:

1. Toshiba's motion for summary judgment, (Doc. 25), is **GRANTED** with respect to the breach of contract claims, Counts I and II of the amended complaint, (Doc. 6).

2. Toshiba's motion for summary judgment is **DENIED AS MOOT** with respect to the replevin claim, Count III.

3. Defendants' request for oral argument, (Doc. 34), is **DENIED**, as unnecessary.

4. Judgment is entered in favor of Toshiba and against all defendants in the amount of $1,289,413.72.

5. The Clerk of Court is directed to **CLOSE** this case.

*See* 2015 WL 7351579 (M.D.Pa. Nov. 20, 2015).

On December 18, 2015,defendants Valley Open MRI and Diagnostic Center, Inc., Juan D. Gaia, M.D., and I & G Realty Company ("defendants") timely filed a notice of appeal regarding the November 20, 2015 Memorandum and Order. (Doc. 38). Defendants claimed that the granting of summary judgment for plaintiff Toshiba America Medical Systems, Inc. ("Toshiba") was improper regarding the scope of damages and attorneys' fee awarded.

On December 28, 2016, the Third Circuit filed an Opinion affirming this court's finding that Toshiba did not have a duty to mitigate damages. However, the Third Circuit vacated this court's judgment with respect to the award of attorneys' fees and remanded the case to analyze the reasonableness of the claimed fees. *See* Toshiba, —Fed.Appx.----, 2016 WL 7467982 (3d Cir. Dec. 28, 2016).

The Third Circuit also issued a Judgment on December 28, 2016 reversing in part and affirming in part this court's November 20, 2015 Order.

(Doc. 45). The Third Circuit vacated only the portion of this court's Judgment that awarded attorneys' fees to Toshiba and remanded the case to this court "for an analysis of the reasonableness of the claimed fees." Toshiba, —Fed.Appx.----, 2016 WL 7467982, *1.

On February 9, 2017, this court issued an Order establishing a briefing schedule regarding Toshiba's request for attorneys' fees and costs. (Doc. 46). The court indicated that after the matter was briefed, it would decide if a hearing was necessary to determine the reasonableness of the attorneys' fees requested.[1] As directed, Toshiba filed its brief in support of its attorneys' fee request on February 27, 2017, with documentation specifying the number of hours spent by each attorney involved with the case and the rates charged, as well as other relevant billing information supporting its requested fees pursuant to McMullen v. Kutz, 603 Pa. 602, 985 A.2d 769, 774 (2009). On March 13, 2017, defendants filed their brief in opposition to the requested attorneys' fees. (Doc. 48). They did not submit any documentation with their brief. On March 20, 2017, Toshiba filed its reply brief with additional documentation. (Doc. 49).

## II. DISCUSSION

The portion of the original Judgment in the total amount of

---

[1]Neither party requested a hearing when they filed their briefs and the court finds that one is not necessary based on the parties' submissions.

$1,289,413.72 that was attributable to attorneys' fees was $87,604.64, as of September 11, 2015, based on the Declaration of Trish Malone, financial Director of Toshiba. (Doc. 25-4, at 47-48). As such, defendants are presently obligated to pay the remaining undisturbed portion of the Judgment awarded to Toshiba in the amount of $1,201,809.08. The court must now make findings as to the reasonableness of the attorneys' fees and costs requested by Toshiba and provide a statement as to the standard governing its award. *See* Sec. Mut. Life Ins. Co. of N.Y., 979 F.2d at 332.

Initially, there is no dispute that the lease agreement between Toshiba and defendants allowed for an award of "reasonable attorneys' fees" and costs. In fact, the Third Circuit held that the Lease Agreement "unambiguously states" that defendants "shall also be liable for and shall pay to Lessor [Toshiba] . . . Lessor's reasonable attorneys' fees." Toshiba, —Fed.Appx.—, 2016 WL 7467982, *5. Specifically, Section 14 of the Lease Agreement, (Doc. 47, Ex. A), provided, in part, that in the event of a default:

> Lessee shall also be liable for and shall pay to Lessor: (I) all expenses incurred by Lessor in connection with the enforcement of any of Lessor's remedies, including all expenses of repossessing, storing, shipping, repairing and selling the System; and (iii) Lessor's reasonable attorney's fees.

Thus, defendants are obliged to pay all expenses incurred regarding the enforcement of any of Toshiba's remedies as well as Toshiba's reasonable attorneys' fees incurred while enforcing its remedies since there was a clear agreement by the parties regarding these costs. *See* De Hart v. HomEq

4

Servicing Corp., 47 .Supp.3d 246, 255 (E.D.Pa. 2014) ("Pennsylvania courts have 'consistently followed the general, American rule that there can be no recovery of attorneys' fees from an adverse party, absent an express statutory authorization, a clear agreement by the parties or some other established exception.'") (citation omitted).

Nor is there any dispute that the court must analyze the reasonableness of Toshiba's requested attorneys' fees pursuant to Pennsylvania law.[2] Under Pennsylvania law, the reasonableness of the requested attorneys' fees is within the sound discretion of the trial court. In re LaRocca's Tr. Estate, 431 Pa. 542, 246 A.2d 337, 339 (1968). However, "Pennsylvania courts have found an abuse of discretion when the trial court fails to provide 'an explanation ... of the basis for the award [of attorneys' fees].'" Toshiba, —Fed.Appx.----, 2016 WL 7467982, at *2 (citing Sec. Mut. Life Ins. Co. of N.Y. v. Contemporary Real Estate Assoc., 979 F.2d 329, 332 (3d Cir. 1992); Croft v. P & W Foreign Car Serv., Inc., 383 Pa.Super. 435, 557 A.2d 18, 20 (1989)).

Specifically, as the Third Circuit indicated, the court is required to analyze "the amount and character of the [legal] services performed, the difficulty of the problems involved, the amount of money or value of property

---

[2]In Sec. Mut. Life Ins. Co. of N.Y., 979 F.2d at 331-32, the Third Circuit stated that "[i]n diversity cases, we apply state rules concerning the award of attorneys' fees." (citations omitted). The court's jurisdiction in the present case is based on diversity. *See* 28 U.S.C. §1332.

in question, the hours expended by the attorneys, [and] the rates charged to Toshiba for the work." Id. at *2 (citing McMullen v. Kutz, 603 Pa. 602, 985 A.2d 769, 774 (2009)); *see also* In re LaRocca's Tr. Estate, 246 A.2d at 339. Thus, the court must look to the above factors discussed by Pennsylvania courts, as well as "the results [the attorney] was able to obtain," "the degree of responsibility incurred," and "the professional skill and standing of the attorney in his profession," in determining reasonableness of Toshiba's requested attorneys' fees. In re LaRocca's Tr. Estate, 246 A.2d at 339; *see also* Arches Condo. Ass'n v. Robinson, 131 A. 3d 122, 131-32 (Pa.Commw.Ct. 2015) (other factors include "the nature and length of the litigation, the responsibilities of the parties in affecting the nature and length of the litigation, and the competitiveness of the rate and time expended"). Toshiba contends that it is entitled to an award of $196,616.05 as the total amount of attorneys' fees and costs it reasonably incurred in this case. No doubt that Toshiba was the prevailing party in this action as to its breach of contract claims and, that Toshiba has the burden of producing evidence as to the reasonableness of the attorneys' fees it has requested. Toshiba, —Fed.Appx.----, 2016 WL 7467982, at *7, *2 (The Third Circuit stated that "[t]o support the award [of attorneys' fees] at the outset, [] , Toshiba itself bore the burden of producing evidence as to the reasonableness of the fees.") (citation omitted); *see also* Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).

6

"The starting point for a court's determination of reasonable attorney's fees is to calculate the 'lodestar' by multiplying the number of hours reasonably expended by each attorney by a reasonable hourly rate." Borrell v. Bloomsburg University 207 F.Supp.3d 454, 506 (M.D.Pa. 2016) (citations omitted), appeal pending. "The lodestar calculation is presumed to be a reasonable calculation of attorneys' fees." Id. (citation omitted).

Additionally, as the court explained in Borrell, 207 F.Supp.3d at 506,

> "The opposing party may object to the lodestar calculation, calling into question either the reasonableness of the hourly rate requested or the reasonable hours expended." Clarke v. Whitney, 3 F.Supp.2d 631, 633-34 (M.D.Pa. 1998). When objecting to the hours expended, "the opposing party may request a reduction of the lodestar on the grounds that, *inter alia*, the hours expended on the litigation were excessive, redundant, or unnecessary." Id. (citing Henley, 461 U.S. at 434, 103 S.Ct. 1933) (emphasis in original). A court can also reduce the number of hours "litigating claims on which the party did not succeed and that were 'distinct in all respects from' claims on which the party did succeed." Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). The party opposing the request "has the burden of proving that it is appropriate [to adjust the lodestar], and if that burden is met, 'the lodestar amount may be increased or decreased at the discretion of the District Court.'" Dee v. Borough of Dunmarra, 2013 WL 685144, at *4 (M.D.Pa. Feb. 25, 2013), afield, 548 Fed.Appx. 58 (3d Cir. 2013) (quoting Lanai v. State of N.J., 259 F.3d 146, 149 (3d. Cir. 2001)).

The court will first address the hourly rates.

## A. Hourly Rates

The court must consider the number of hours reasonably expended

multiplied by an hourly fee based on the prevailing market rates in the relevant community. Dowering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 195 (3d Cir. 1988); *see also* Maldonado v. Houstoun, 256 F.3d 181, 184 ( 3d Cir. 2001); Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 180 (3d Cir. 2001). "The Court should consider the experience and skill of the prevailing party's attorney, and compare the rates to those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Watcher, 559 F.Supp.2d at 521 (citing Maldonado, 256 F.3d at 184).

The burden of demonstrating the reasonableness of both the hours expended and hourly rates falls on the party seeking attorney's fees. *See* Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 703 (3d Cir. 2005) (citing Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990)). In determining a reasonable hourly rate, generally, the starting point "is the attorney's usual billing rate, but this is not dispositive." Potence v. Hazleton Area Sch. Dist., 357 F.3d 366, 374 (citing Maldonado, 256 F.3d at 184-85).

If counsel fail to meet their prima facie burden of establishing that the requested hourly rate is in accordance with the prevailing market rates in the relevant community, "the district court must exercise its discretion in fixing a reasonable hourly rate." *See* Washington v. Phila. Cnty. Court of Common Pleas, 89 F.3d 1031, 1036 (3d Cir. 1996); *see also* L.J. ex rel. V.J. v. Audubon Bd. of Educ., 373 Fed.Appx. 294, 297 (3d Cir. 2010). However,

when "the plaintiff has met his prima facie burden under the community market rate lodestar test, and the opposing party has not produced contradictory evidence, the district court may not exercise its discretion to adjust the requested rate downward." Watcher, 559 F.Supp.2d at 521 (quoting Ridley v. Costco Wholesale Corp., 217 Fed.Appx. 130, 139 (3d Cir. 2007)).

In this case, it is undisputed that the relevant community is the Middle District of Pennsylvania and, more particularly the Scranton/Wilkes-Barre area. *See* Borrell*,* 207 F.Supp.3d at 510-11. Toshiba contends that courts in this district have awarded fee rates between $250 and $375 for experienced attorneys in complicated cases, and that the hourly rates for paralegals in this forum are between $75 and $130. Toshiba cites several cases to support its range regarding both fee rates. (Doc. 47 at 5-6).

Defendants argue that Toshiba's requested attorneys' fees totaling $196,616.05 are excessive and unreasonable. (Doc. 48). Defendants contend that both the rates and the numbers of hours for which Toshiba seeks payment are excessive. Defendants suggest that the prevailing hourly rates for attorneys in this forum range between $200 and $300. Defendants also appear to concur with Toshiba that the prevailing hourly rates for paralegals are between $75 and $130.

The court first considers the reasonable hourly rates of Toshiba's attorneys. In Connors v. Empire Office, Inc., Civil No. 14-0913, M.D.Pa., this

court found in January 2016 that the prevailing market rate in the Scranton/Wilkes-Barre area for an experienced attorney in a Title VII civil rights case was $275 per hour. In Souryavong v. Lackawanna Cty., 159 F.Supp.3d 514 (M.D.Pa. 2016), the court awarded the lead counsel with about 20 years experience an hourly rate of $ 250. In Borrell, 207 F.Supp.3d at 510-11, the court in this district recently found that an hourly rate of $375 for a very experienced lead attorney was reasonable in a civil rights case, that a fee of $225 was reasonable for a less experienced attorney who assisted the lead attorney with pre-trial matters that did not require any special skill or expertise, and that an hourly rate of $150 was a reasonable rate for a new attorney who had just worked in the law firm for one year.

Toshiba's attorneys have submitted information, including Declarations as well as invoices and billing summaries, which demonstrate what their usual billing rates are and that the fees they are requesting are comparable to the current "rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." (Doc. 47-3, Doc. 47-4, Doc. 47-5 and Doc. 47-6).

Based on the cited cases, the court finds that the usual billing rates for experienced attorneys in complicated cases in this district are between $215 and $350, and the rates for less experienced attorneys are between $150 to $225.

In his Declaration, Kenneth L. Racowski, Esquire, (Doc. 47-3), avers

that he has been counsel of record for Toshiba since July 2014, first when he was at Wilson, Elser, Moskowitz, Edelman & Dicker LLP ("Wilson Elser") and then when he went to work at Buchanan Ingersoll & Rooney, PC ("Buchanan"). He indicates that he has 15 years of experience in the legal industry in Pennsylvania and, that he has an understanding of the invoices for legal services rendered to Toshiba. He states that Toshiba incurred $51,490.00 in attorneys' fees, including costs, at Wilson Elser regarding this case. He explains that the invoices of Wilson Elser list his services identified as "KR" as well as the services rendered by "PED," who is E. Paul Dougherty, Jr., an attorney with 36 years of experience and who is highly qualified. The Wilson Elser invoices also list services rendered by "RT," who is Rebecca Trela an attorney with 5 years of experience.

Racowski states that in July 2015 Toshiba's file was transferred to Buchanan, and that as of February 27, 2017, Toshiba incurred $145,126.05 in legal expenses at Buchanan. Racowski states that the Buchanan invoices, (Doc. 47-6), indicate legal work performed by himself, by attorney Mark Pfeiffer, who has over 20 years of experience with extensive specialized knowledge in litigation involving default on commercial leases, by attorney David A. Schumacher, who is a commercial litigation specialist with 7 years of experience and, by Kira N. Lum, a second year associate trained in litigation.

As such, Racowski avers that the total amount owed by defendants to

11

Toshiba for attorneys' fees and costs is $196,616.05, i.e., $51,490.00 + $145,126.05.

Wilson Elser submitted itemized invoices and Buchanan submitted a summary of its hourly rate chart with hours spent by its 11 staff members who worked on this case and its itemized invoices. The court has reviewed all of these documents. (Doc. 47-4, Doc. 47-5, Doc. 47-6).

According to Wilson Elser's itemized invoices, (Doc. 47- 4), KR billed at an hourly rate of $275 to $300, PED billed at an hourly rate of $250 to $300, and RT billed at an hourly rate of $250. The court finds that an hourly rate of $250 to $300 are reasonable rates for RT and PED based on their experience. With respect to RT, the court finds that a reasonable rate is $200 for a new attorney. Since RT worked a total of 4 hours on this case, the firm will be allowed $800 total instead of $1000 for her services. Thus, since the court accepts the number of hours Wilson Elser billed Toshiba for RT's work as reflected in its invoices, the award amount to this firm will be reduced by $200. The courts finds that the rates for Racowski and PED are reasonable despite the increase to $300 for both attorneys. Additionally, Racowski's rate will be capped at $350 for his work on this case, including the work he performed after he went to the Buchanan firm, even though his rate increased to $395 and then to $435. These increases are not reasonable with respect to this case and, there is no explanation as to why Racowski's rate increased and why defendants should be required to bear the cost of these increases.

Next, the court considers that hourly rate for paralegals. Recently, the billing rates of paralegals in the Middle District have been reviewed and it has been determined that reasonable hourly rates range from $75.00 to $150 depending on skill and experience. *See* Borrell*,* 207 F.Supp.3d at 510-12 (citing Arlington Indus., Inc. v. Bridgeport Fittings, Inc., 2014 WL 2860863, at *13 (M.D.Pa. June 23, 2014) (approving hourly rates of $120.00 and $130.00 for legal assistants); Dino v. Pennsylvania, 2013 WL 6504749, at * 3 (M.D.Pa. Dec. 11, 2013) (approving an hourly rate of $150.00 for a legal assistant in an FLSA case); Dee, 2013 WL 685144, at *11 (approving an hourly rate of $75.00 for a legal assistant); Overly v. Global Credit & Collection Corp., Inc., 2011 WL 2651807, at *5 (M.D.Pa. July 6, 2011) (noting that typical rates for legal assistants in the Middle District of Pennsylvania are between $70.00 and $120.00 an hour); Souryavong v. Lackawanna County, 159 F.Supp.3d 514 (M.D.Pa. 2016) (finding plaintiffs' requested hourly rate of $100.00 for their legal assistant reasonable), *reconsideration denied*, 2016 WL 3940717 (M.D.Pa. July 21, 2016).

The court concurs with the *Borrell* case and finds that the billing rates of paralegals in the relevant community are hourly rates ranging between $75.00 to $150.00. *See* Borrell*,* 207 F.Supp.3d at 510-12.

Racowski avers that work was performed in this case by two experienced paralegals, Cheri Pearce who has 25 years of experience and Patricia Kreusser, who has 17 years experience.

Thus, the hourly rate of $150 is reasonable for all of the work performed by Pearce and Kreusser on this case in light of their experience. The billing by Buchanan for Pearce and Kreusser, which uses unreasonable rates ranging from $221.50 to $280 for these paralegals, shall be reduced accordingly.

Racowski also states that work for Toshiba was performed by David Leibovitch, James Wilcox, Reeny M. Kelly, Michelle K. Miller and Geobeth Smith at the Buchanan firm. He does not state the positions or the experience of these Buchanan employees. Thus, Racowski's Declaration lacks specificity with respect to these employees. Defendants indicate that they reviewed Buchanan's website, (Doc. 48 at 13-14), and have identified the stated employees and their positions. Since Toshiba did not dispute this information in its reply brief, the court shall accept defendants' representations with respect to these employees. The reasonable hourly rates for Kelly and Miller, both paralegals, is $150, as discussed above. The billing by Buchanan for Kelly and Miller, which uses unreasonable rates ranging from $225 to $256.42 for these paralegals, shall be reduced accordingly.

Wilcox and Leibovitch are associates who have 6 years and 2 years experience, respectively, and the reasonable rate for their work is $200, as discussed above. The billing by Buchanan for Wilcox and Leibovitch, which uses unreasonable rates ranging from about $356 to $310 for these attorneys, shall be reduced accordingly.

Smith is a legal administrative assistant and Buchanan billed her work at $100 per hour for 11.18 hours, which included ministerial work. A reasonable rate for Smith is $50 per hour. The billing by Buchanan for Smith shall be reduced accordingly regarding her rate but the number of hours for her work is reasonable.

Although Toshiba has requested a rate of $215 per hour for litigation technical support rendered at Buchanan for .40 hours to "Create and setup of TextMap transcript database," since the court does not find any support for this hourly rate, a reasonable rate for such services is $50. This reduces the charge for these services to $20 from $86.

### B. Reasonableness of Hours Expended

The court must next "determine whether the number of hours spent on the litigation was reasonable." Watcher, 559 F.Supp.2d at 522. "The Court 'should review the time charged, decide whether the hours claimed were reasonably expended for each of the particular purposes described, and then exclude those that are' 'excessive, redundant, or otherwise unnecessary.'" Id., at 522-23 (quoting Public Interest Research Group of N.J., Inc. v. Windall, 51 F.3d 1179, 1188 (3d Cir. 1995))."Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority." Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S.C. 1933 (1983) (citation omitted)."

Moreover, the party requesting fees must submit "fairly definite information as to hours devoted to various general activities, *e.g.*, partial discovery, settlement negotiations, and the hours spent by various classes of attorneys." United Auto. Workers Local 259 Social Sec. Dept. v. Metro Auto Center, 501 F.3d 283, 291 (3d Cir. 2007) (quoting Evans v. Port Auth., 273 F.3d 346, 361 (3d Cir. 2001)). It is not required to know "the precise activity to which each hour was devoted" nor is it required that "records be kept by task—e.g., for each motion, issue or part of the case." Washington v. Phila. County Court of Common Pleas, 89 F.3d 1031, 1037-38 (3d Cir. 1996) (citation omitted).

Initially, the court does not find that defendants object to the number of hours Wilson Elser billed Toshiba for the work its staff performed in this case. The court has reviewed the hours Wilson Elser itemized on its detailed billing statements, (Doc. 47-4), and finds that Toshiba has met its burden of demonstrating the reasonableness of all of the hours expended by Wilson Elser on its behalf in this case after considering the relevant factors stated above. As such, the total amount sought for the work Wilson Elser performed in this case of $51,490 shall only be reduced by $200, as discussed above. Thus, the total amount Toshiba can recover from defendants for Wilson Elser's work is $51,290.

Defendants object only to the hours Buchanan billed Toshiba for the work its attorneys and staff performed claiming that some are excessive and

unreasonable. Defendants also claim that some of the descriptions for the worked performed is not sufficiently specific and that some of the worked billed was not necessary, such as preparing for Dr. Gaia's deposition and searching bankruptcy dockets even though defendants never filed bankruptcy petitions. Defendants also point out that despite the fact that Dr. Gaia's retirement account was clearly an exempt asset under both state and federal laws, Toshiba's attorneys spent considerable hours trying to execute upon it which was frivolous and a waste of time. Defendants also state that the time Toshiba's attorneys spent trying to execute on Dr. Gaia's house was fruitless since he owned the house jointly with his wife and Toshiba does not have a judgment against her. Defendants also dispute Toshiba's contention that the litigation in this case was prolonged by their conduct which Toshiba alleges was dilatory and "vexatiously multiplied the proceedings."

The court finds that the time Racowski spent preparing for Dr. Gaia's deposition, 4.20 hours, as well as the time he spent traveling to and taking the deposition, 8.50, to be reasonable especially after reviewing the deposition transcript attached to Toshiba's reply brief. (Doc. 49-3). The court also finds that all of the time spent by Toshiba's attorneys trying to discover Dr. Gaia's other assets, including his house and retirement accounts, to be reasonable. No doubt if Dr. Gaia and his wife tried to sell their house, any share of the proceeds which Dr. Gaia would receive may be subject to a Toshiba lien on the property.

Further, the court finds that all of the time spent by Toshiba's attorneys trying to execute on Dr. Gaia's retirement accounts was reasonable since only certain retirement funds and accounts are classified as exempt from judgment under Pennsylvania law, 42 Pa.C.S. §8124(b), and federal law. The Pennsylvania statute exempts "any retirement or annuity fund" from execution on a judgment "if it is 'provided for' in specified sections of the IRS Code." In re Taylor, 433 B.R. 469, 472 (M.D.Pa. 2010) (citing 42 Pa.C.S.A. §8124(b)(1)(ix)); *see also* First Options of Chi., Inc. v. Kaplan, 198 B.R. 91, 93 (E.D.Pa. 1996) ("[T]he language of the Pennsylvania exemption statute required a plan to be tax-qualified in order for it to be found exempt under th[e] statute."). Also, the "Pennsylvania exemption statutes are applicable ... [in] state court proceedings for attachment or execution on a judgment." Id. at 474. Thus, a retirement plan has to be tax qualified in order to be exempt from execution on a judgment. *See* State Farm Mut. Auto. Ins. Co. v. Lincow, 792 F.Supp.2d 806 (E.D.Pa. 2011). As Toshiba explains, (Doc. 49 at 10-11), it was not clear what type of accounts Dr. Gaia had and whether his retirement accounts were exempt from its judgment.

However, the court finds that all of the time spent by Toshiba's attorneys searching the bankruptcy dockets was not reasonable and shall be excluded. The court can deduct the "hours that are not reasonably expended" which consist of hours that are "excessive, redundant, or otherwise unnecessary." Dellarciprete, 892 F.2d at 1183 (citing Hensley, 461 U.S. at 433). It is

undisputed that no defendant filed a bankruptcy petition. In fact, if any defendant had filed a bankruptcy petition during the pendency of this case, that defendant would have been required to file a suggestion of bankruptcy with this court so that the automatic stay under the Bankruptcy Code could be imposed in this case. Also, after the court entered judgment for Toshiba and closed this case, if a bankruptcy petition was filed, that defendant would have certainly notified Toshiba by listing it as a creditor on its schedules and by giving it notice to stay any attachment, execution or sale regarding this defendant's assets.

The court finds that the remainder of the itemized work submitted by Buchanan (Doc. 47-6, pp. 1–103) is not at all vague as defendants suggest without elaboration and that it is very specific and detailed. "The adverse party 'cannot merely allege in general terms that time spent was excessive.'" Borrell, 207 F.Supp.3d at 512 (citation omitted). Thus, defendants' general objections to the time Toshiba's attorneys spent on this case are overruled since they lack the required specificity. Id. ("The party challenging the reasonableness of the hours expended must provide sufficiently specific objections" "identif[ing] the type of work being challenged, and ... specifically stat[ing] the adverse party's grounds for contending that the hours claimed in that area are unreasonable.") (citing Bell v. United Princeton Properties, Inc., 884 F.2d 713, 720 (3d Cir. 1989)). The court finds that the dated and itemized time logs Buchanan has provided for both paralegals and attorneys as well as

19

costs, (Doc. 47-6), are sufficiently specific to allow the court to determine that the reduced lodestar regarding the rates for fees specified by the court above as well as the reduced number of hours are reasonable.

The court has reviewed the record, including the detailed itemized bills from both law firms which Toshiba submitted with its litigation expenses, and it has considered the relevant factors, including the nature and length of the litigation, the responsibilities of the parties in affecting the nature and length of the litigation, and the competitiveness of the rate and time expended. Toshiba initiated this action by filing a complaint on July 23, 2014. (Doc. 1). On November 20, 2015, Toshiba's motion for summary judgment, (Doc. 25), was granted with respect to the breach of contract claims, Counts I and II of the amended complaint, (Doc. 6), and it was denied as moot with respect to the replevin claim, Count III. The 16-month litigation in this case was prolonged

by defendants by their failure to consent to Toshiba's motion for summary judgment especially considering that they did not dispute Toshiba's statement of material facts and exhibits. (*See* Doc. 35, Doc. 49-2). In fact, defendants could have simplified this case and shortened the length of this case by entering into a consent judgment with Toshiba early in the litigation which would have saved Toshiba from conducting much of its discovery and from filing its summary judgment motion and related documents. Indeed, Toshiba's attorneys tried to expedite this case but defendants would not agree to

stipulate to the entry of judgment against them. (Doc. 49-2).

The court has also considered the complexity of the case, and finds that Toshiba's evidence demonstrates the reduced rates and the reduced time expended by its attorneys' for the work they performed in successfully obtaining a judgment in the amount of $1,201,809.08 and in successfully defending its judgment on appeal were fair and reasonable. Toshiba's reduced fees are reasonable considering that it essentially had complete success in this case by prevailing on both of its breach of contract claims and, considering the record, including the detailed exhibits Toshiba has submitted regarding its litigation expenses. It is of no moment that Toshiba's replevin claim was dismissed as moot since it had already repossessed all of the equipment subject to the Lease Agreement with defendants.

Thus, the court finds that Toshiba has reasonably incurred attorneys' fees in the amount reflected by the reduced rates and the reduced hours and, considering the leased value of the medical machines in question, that this amount is in tune with the amount of the judgment awarded Toshiba in excess of $1.2 million. In short, the expenditure of the revised amount by Toshiba in attorneys' fees is very reasonable to recover $1,201,809.08 in outstanding lease payments owed by defendants particularly in light of the nature of the litigation and the quality of the representation Toshiba received. Therefore, the court will not further adjust the lodestar since it is reasonable in light of the results Toshiba obtained.

With respect to the costs for which Toshiba seeks to be reimbursed, "[p]arties prevailing in federal court may recover the taxable costs referenced in Fed.R.Civ.P. 54(d)(1) and enumerated in 28 U.S.C. §1920." Borrell, 207 F.Supp.3d at 523 (citing Petrunich v. Sun Bldg. Sys., Inc., 625 F.Supp.2d 199, 211 (M.D.Pa. 2008)). Defendants do not specifically object to the costs which Toshiba is seeking. Nonetheless, the court finds that Toshiba has substantiated its requests for the costs in this case incurred by its attorneys and has well documented the costs, and that the costs are necessary and reasonable.

However, Toshiba cannot seek reimbursement for the costs its attorneys at the Buchanan firm incurred regarding defendants' appeal to the Third Circuit since that court specifically directed in its Judgment, (Doc. 45), that "[t]he parties are to bear their own costs." Thus, any costs Toshiba's attorneys spent on the appeal must be excluded. As such, Toshiba is entitled to all of the requested costs except for the costs related to the appeal.

As indicated, the revised total amount Toshiba can recover from defendants for Wilson Elser's work is $51,290. The court will put the burden on Toshiba to submit a revised table, (*see* Doc. 47-5), representing the calculation of the lodestar for the work performed by the Buchanan firm as reflected by the court's determinations herein of the reasonable rates and hours, and the reduced costs. Toshiba will also be directed to submit a revised proposed order with the total allowed amounts for its attorneys' fees

and costs as specified herein.

## III.    CONCLUSION

The court has analyzed the required factors, including the amount and character of the services performed, the difficulty of the problems involved, and the amount of money or the value of property in question, and finds that Toshiba has established that its attorneys' fees and costs as specified herein are reasonable. Thus, Toshiba's request for attorneys' fees and costs will be granted in part and denied in part. An appropriate order will issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: April 26, 2017**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1419-02.wpd